## Forrest, Appellant, *v.* Buchanan.

*Landlord and tenant—Covenant by landlord to keep in repair—Damages—Nonsuit.*

In an action by a tenant against a landlord to recover damages for breach of covenant to "keep in good repair the roofs upon the building demised," a nonsuit is properly entered where the evidence shows that although the roof leaked frequently after a rain and caused inconvenience and discomfort to the occupants of the building, there had been no refusal or neglect to repair, but that repairs had been made with reasonable promptness, and where there is also no evidence as to what was the pecuniary damage sustained.

Where a claim is for damages to property, the evidence must fix the actual loss with reasonable precision through witnesses with knowledge of the facts; mere knowledge of the subject-matter on the part of the jury is insufficient.

*Appeals—Assignments of error—Nonsuit—Exclusion of testimony.*

Where the only assignment of error is a refusal to take off a nonsuit, the appellate court cannot consider questions relating to the exclusion of testimony.

Argued March 17, 1902.   Appeal, No. 121, Jan. T., 1901, by plaintiffs, from order of C. P. Bradford Co., Dec. T., 1895, No. 147, refusing to take off nonsuit in case of M. A. Forrest and J. H. Chadwick v. E. E. Buchanan and D. W. Buchanan,˙ Executors of Eliza Buchanan.  Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ.  Affirmed.

Assumpsit to recover damages by reason of a breach of covenant in a lease.  Before FANNING, P. J.

At the trial it appeared that in May, 1888, the defendant's testator leased to plaintiffs the Ward House, a hotel in the borough of Towanda.  In the lease was the following covenant :

" And the said Eliza Buchanan will during the said term keep in good repair the roofs upon the buildings hereby demised."

The evidence showed that after rain the roof of the hotel building leaked and caused annoyance to the occupants.  There˙ was no evidence, however, that the lessor had refused to make repairs.  There was evidence that the tenants were directed to apply to a tinsmith when repairs were necessary.

The court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*D. C. DeWitt,* for appellant, cited : Warner v. Caulk, 3 Wharton, 193 ; Fairman v. Fluck, 5 Watts, 516 ; Hoeveler v. Fleming & Co., 91 Pa. 322; Del., etc., R. R. Co. v. Jones, 128 Pa. 308 ; Watson v. O'Hern, 6 Watts, 362 ; Irwin v. Nolde, 176 Pa. 594 ; Oakford v. Nixon, 177 Pa. 81.

*J. C. Ingham,* for appellees, cited : Rightmire v. Hirner, 188 Pa. 329 ; Lentz v. Choteau, 42 Pa. 435 ; Jackson v. Farrell, 6 Pa. Superior Ct. 31 ; Wood v. Sharpless, 174 Pa. 588 ; Wayne v. Lapp, 180 Pa. 278 ; Erie, etc., Railroad Co. v. Johnson, 101

Pa. 555 ; Stouffer v. Latshaw, 2 Watts, 165 ; Egbert v. Payne, 99 Pa. 244 ; Loker v. Damon, 17 Pick. 284 ; Allen v. Sawyer, 2 P. & W. 325 ; Todd v. Jones, 1 Phila. 45 ; Cornell v. Vanartsdalen, 4 Pa. 370.

OPINION BY MR. JUSTICE MITCHELL, October 13, 1902 :

This is an action by lessee against lessor to recover damages for breach of covenant to " keep in good repair the roofs upon the buildings demised." At the close of the plaintiff's case defendant moved for a nonsuit on the grounds that no breach had been shown, and that there was no evidence of damages. The nonsuit was properly granted on both grounds.

The evidence showed that the roof leaked frequently after a rain, but no refusal or neglect to repair. On the contrary the witnesses testified with substantial uniformity that repairs were made, in the language of one of the plaintiffs themselves "with reasonable promptness," and that defendant who lived in another town directed the plaintiffs to call upon a tin roofer named, whenever repairs were needed,

The case is equally bare of evidence as to damages. The demised property was a hotel, and the evidence tended to show considerable inconvenience and discomfort at times of rain, both to the plaintiffs and their guests, but not a scintilla from beginning to end as to the existence or extent of pecuniary damage. This is practically admitted by the appellant but the argument is made that the jury must be presumed to have some knowledge of such matters and could form a judgment of their own. But the argument is altogether untenable. Nothing is better settled than that the verdict of a jury must be founded on evidence. Knowledge of the subject-matter may be useful to the jury in weighing and comparing the evidence before them, but it would be in the highest degree irregular and dangerous to allow them to act exclusively on the standard of their own knowledge, not known or communicated to parties or counsel, not subject to the test of cross-examination, nor to the supervision of the court as to its relevancy or materiality.

There are cases, such as torts for personal injury by negligence, where the ultimate standard of damages must of necessity be the opinion of the jurors, but even there a basis is nearly

always to be found in the extent of interference with, or loss of earning capacity, etc., which is susceptible of accurate evidence. Where, however, as in the present case, the claim is for pecuniary damage to property, the evidence must fix the actual loss with reasonable precision through witnesses with knowledge of the facts.

It is urged that plaintiffs were entitled at least to nominal damages. But the failure to prove any breach of the covenant sued on bars even this claim.

It appears that some evidence taken before arbitrators was offered at the trial but excluded. Whether rightly or wrongly we have no means of knowing, as there is no bill of exceptions and no assignment of error to anything but the refusal to take off the nonsuit.

Judgment affirmed.