# Byrne *v.* The Cambria & Clearfield Railway Company and The Pennsylvania Railroad Company, Appellant.

*Negligence—Waters—Dam—Damages—Evidence.*

In an action against a railroad company to recover damages for injuries to a milldam alleged to have been caused by the construction of the railroad, a judgment for the plaintiff will be reversed where it appears that at the trial the only evidence of damages was that of two witnesses who were permitted to testify as to a lump sum for the amount of the damages, without giving any facts or items upon which their estimate was formed.

The opinion of witnesses as to damages must not be speculative or conjectural, but must be based upon facts and conditions existing and proved.

Argued Oct. 15, 1907. Appeals, Nos. 3 and 4, Oct. T., 1907, by defendants, from judgment of C. P. Cambria Co., Dec. T., 1905, No. 199, on verdict for plaintiff in case of Luke A. Byrne v. The Cambria & Clearfield Railway Company and The Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for injuries to a milldam. Before O'CONNOR, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial when the plaintiff was on the stand he was

asked this question : " Q. About what amount of damage has been done to your mill property by reason of this filling up of the dam and the necessity for the cleaning of the race and injury to your mill ? "

Mr. Storey : Defendants' counsel objects to the question for the reason that it is asking a question in bulk, without giving a single item of cost or damage for anything that he has heretofore stated, and the question in its present form is improper and objectionable.

The Court : We cannot say that it is inadmissible because he has failed to state the items so far. We overrule the objection and admit the testimony ; the question of the sufficiency is a question which we will not pass upon at this time. We note an exception and seal a bill for the defendants.

" A. Four thousand dollars, I claim." [1]

James Lantzy was asked this question : " Q. What do you say that the damage has been that has been caused by the deposit of the mud that has gone into the dam and race since the opening of this original channel to that mill property, calculating the removal and the consequence that followed from that obstruction ? "

Objected to for the reason that it is improper, calculating consequential damages, and that the witness has not shown that he has sufficient information to give an estimate on that subject.

The Court : We believe the witness can take into account any damage heretofore caused and any damages which will reasonably and directly follow from the action of the defendants in this case so long as it is likely to continue. We overrule the objection, note an exception, and seal a bill for the defendant companies.

" Q. What do you say the damage has been that has been caused by the deposit of the mud that has gone into the dam and race since the opening of this original channel to the mill property, calculating the removal and the consequences that followed from that obstruction ? A. Four thousand dollars for the damage that has been and what will accrue, to the best of my knowledge."

Mr. Storey : We ask the court to strike out the last answer for the reason that future damages are not to be considered

in this action; that the witness included in his answer future damages.

The Court: We refuse that request and note an exception and seal a bill for the defendants. [6]

Verdict and judgment for plaintiff for $3,365.83. Defendant appealed.

*Errors assigned,* among others, were (1, 6) rulings on evidence, quoting the bill of exceptions.

*II. W. Storey,* for appellant.—Plaintiff should not testify what his damages were in a lump sum without specifying the items: Hoenninger v. School District (No. 2), 23 Lancaster Law Rev. 201.

*J. F. McKenrick,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 6, 1908:

The defendant company had occasion to construct a new line of railroad in Cambria county, on the west branch of the Susquehanna river. In building this road a bend in the river was cut off, and a new channel was formed some 800 feet in length. An embankment extending along the river was constructed, partly with the earth excavated from the new channel and partly with earth obtained elsewhere. Plaintiff is the owner of a water power gristmill, situated on the Susquehanna river, a short distance below the location of the new channel and the embankment. Plaintiff claims that by reason of the work done by the railroad company large amounts of mud, sand, sediment and alluvial deposits were negligently permitted by the defendant to work down into his dam and millrace, thereby seriously impairing his water power, and interfering with the operation of his mill. In his statement he claimed damages amounting to $2,000 for the expense of cleaning the dam and race from time to time, and for the loss resulting from his inability to run the mill on full time. He further claimed damages in the same sum for permanent depreciation in the value of his mill property. The jury found a verdict for the plaintiff for $3,365.83, upon which judgment was entered. In the first and sixth specifications of

error the appellant complains that against his objection witnesses were permitted to testify to the amount of the damages in a lump sum, without specifying the items of damage. The plaintiff, when asked what amount of damage had been done to the mill property by reason of the filling of the dam, answered, "Four thousand dollars, I claim." And the witness, James Lantzy, in response to a similar question, made a similar answer, giving as his estimate in a lump sum, "Four thousand dollars for the damage that has been, and what will accrue."

Under the authorities the objection of the defendant to this testimony should have been sustained. Robb *v.* Carnegie, 145 Pa. 324, was an action to recover damages for injuries to plaintiff's land alleged to have been caused by the operation of coke ovens maintained by defendants on adjoining premises. A witness having been asked to state the amount of damages done to the property by reason of the smoke from the ovens, objection was made on the ground that the question would elicit from the witness the injury done to the property without distinguishing or specifying how or to what part of the property, etc. The objection was overruled and the witness answered, "I would place it at $10,000." On appeal, the assignment of error complaining of the allowance of this question was sustained, this court saying (p. 343) : " The question objected to should have been excluded because it called for no fact but for a lumping estimate, which opened the way for the witness to introduce considerations that we have seen had no place in the adjustment of the damages."

The general rule is thus stated in 12 Am. & Eng. Ency. of Law (2d ed.), 460, 461 : " On damages, as on other subjects of expert opinion evidence, the opinion of witnesses must not be speculative or conjectural, but must be based upon facts and conditions existing and proved. Thus in an action of tort the plaintiff cannot answer naked questions as to the amount of damages sustained by him." And in 3 Elliott on Evidence, sec. 2006, we find the statement that : " The authorities with few exceptions are agreed upon the proposition that witnesses cannot give their opinion as to the quantum of damages in any given case. . . . The general rule is that witnesses must state facts, and are not permitted to give their opinions founded on

such facts, nor can they give inferences or deductions drawn from them. These rules apply almost without exception as to the quantum of damages resulting from any act. So the rule is that a witness cannot be examined in such a manner that his answers will relieve the jury from considering and determining the facts submitted."

In the present case we do not find any evidence fixing the amount of the damages except that of the two witnesses referred to, who gave it as the lump sum of $4,000. Neither witness gave the basis or the items upon which his estimate was formed, and the sum named is the same as that set forth in the statement of claim.

The first and sixth assignments of error are sustained, and the judgment is reversed, with a venire facias de novo.