## Landau et al., Appellants, *v.* Hostetter et al.

*Conspiracy—Trespass for eviction—Pleadings.*

In an action of trespass against three defendants for an alleged wrongful eviction from leased premises, where the plaintiff alleged in the statement of claim that the wrong done them was in pursuance of a conspiracy and the case was tried on the theory of a conspiracy, the plaintiffs cannot complain that the trial judge instructed the jury that they could not find a verdict against only one of the defendants.

Argued October 13, 1919. Appeal, No. 103, Oct. T., 1918, by plaintiffs, from judgment of C. P. Allegheny Co., April T., 1916, No. 911, on verdict for defendants in case of Jacob Landau, Fred Landau and Albert Landau, doing business as Landau Brothers, v. D. Herbert Hostetter, D. Herbert Hostetter, Jr., and W. B. Wylie. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for injuries caused by an alleged conspiracy to evict. Before HAYMAKER, J.

The court charged in part as follows: "But unless you find that some two of the defendants were engaged

in a conspiracy, you cannot find a verdict in favor of the plaintiffs; because, no matter what you might think the evidence indicates on the part of any one of the defendants, you would not be justified in finding a verdict against that one individual, because in this action you must find a verdict at least against two, if you find a verdict at all in favor of the plaintiffs."

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned,* among others, was above portion of charge, quoting it.

*John C. Bane,* with him *McKenna & McKenna,* for appellants.—The charge was erroneous: Laverty v. Vanarsdale, 65 Pa. 507; Collins v. Cronin, 117 Pa. 35; Rundell v. Klabfus, 125 Pa. 123; Fillman v. Ryon, 168 Pa. 484; Weist v. Electric Traction Co., 200 Pa. 148.

*Watson & Freeman* and *Robert Woods Sutton,* for appellees, were not heard.

PER CURIAM, January 5, 1920:

The grievance of which plaintiffs complained in the statement of their cause of action was a conspiracy entered into by the three defendants to evict them from leased premises. There were nine distinct averments of such conspiracy and of what was done by the defendants in pursuance of it. The case was tried on the theory that the damages claimed by the plaintiffs resulted from the conspiracy. They made it the ground of their action, and the learned trial judge did not, therefore, err in instructing the jury that they could not find a verdict against but one of the defendants. In Laverty v. Vanarsdale et al., 65 Pa. 507, relied upon by appellants as an authority that the trial judge did err, the "damage sustained by the plaintiff" was "the ground of action, not the conspiracy." "Under the facts of that case the

combination or conspiracy was nothing": Collins v. Cronin, 117 Pa. 35. Here the conspiracy was the gravamen of plaintiffs' complaint. In view of the pleadings and the theory upon which the case was tried, the assignments of error are without merit.

Judgment affirmed.