## JOHNSTON et al. v. VENTURINI.

(Circuit Court of Appeals, Third Circuit. November 26, 1923. Rehearing Denied January 24, 1924.)

No. 3055.

1. **Judgment ⚖➡249—Recovery for breach of contract cannot be had in action of tort for conspiracy.**

Under the Pennsylvania practice, where, in, an action on the case against several defendants for conspiracy to defraud, the evidence fails to establish the conspiracy, but shows that plaintiff suffered damages through a single defendant's breach of contract, judgment cannot be entered against such defendant; the remedy not being in tort, but by action in assumpsit on the contract.

2. **Fraud ⚖➡20, 32—Retaining money due on contract by misrepresentations held not to give remedy by action for deceit.**

While plaintiff was delivering coal to defendant in carload lots under a contract, defendant made false representations as to certain expenses, and withheld sums therefor from the contract price. *Held,* that such representations did not give plaintiff a right of action for deceit, since he was not thereby induced to take any action, but that his remedy was on the contract.

In Error to the District Court of the United States for the Western District of Pennsylvania; Robert M. Gibson, Judge.

Action at law by Alberto Venturini against A. M. Johnston and others. Judgment for plaintiff, and defendants bring error. Reversed, and venire de novo awarded.

R. L. Ralston, of Kittanning, Pa., and W. L. McConegly, of Pittsburgh, Pa., for plaintiffs in error.

Frank F. Canuti and G. W. Williams, both of Pittsburgh, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The parties entered into a contract, Venturini to sell coal and Johnston to buy coal. After the contract was under way, Johnston, it was alleged, represented to Venturini that it would take $7.00 a car and 20 cents a ton with which, by bribery of railroad officials, to get an adequate number of cars on the siding next to Venturini's mine. Accordingly, Johnston retained sums reckoned on these figures from payments he made to Venturini under the contract. In this Venturini, by his silence, may have acquiesced. In the development of subsequent events, however, Venturini sued Johnston and two railroad men for conspiracy in exacting money for his car supply, alleging a variety of damages aggregating greatly more than any claim predicable upon a mere breach of contract. The action is in case and is grounded solely on conspiracy. In the course of the trial it became evident that Venturini might not be able to prove conspiracy and would only be able to prove that Johnston, taking advantage of his alleged misrepresentation, simply kept the money. Therefore the learned trial judge charged the jury that:

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"If you should find that the defendants, or any of them, willfully or wantonly entered into this conspiracy to defraud this plaintiff, injuring him, or with intent to injure him, you may award what are known as punitive or exemplary damages. * * * If you should find there was no conspiracy, or that the plaintiff was defrauded by one defendant in the manner 1 have already set out, you may find a verdict against [that] defendant."

On these instructions the jury rendered a verdict as follows:

"We find in favor of the plaintiff and against the defendant A. M. Johnston in the sum of $4,408—as to the charge of conspiracy we find the defendants not guilty."

On motion for a new trial the learned trial judge, relying on Pennsylvania law, discovered no error in his charge. He denied the motion holding that,

"In an action against two or more, in case in the nature of a conspiracy, *if the tort be actionable whether committed by one or more*, recovery may be had against but one; but if the tort be actionable only when committed under an unlawful conspiracy of two or more, recovery may not be had unless the unlawful conspiracy be established."

[1] On this writ of error we are called upon to determine the rule of pleading, not at common law but under Pennsylvania law, and to decide when in an action on the case in the nature of conspiracy recovery may be had against one of several alleged conspirators if the plaintiff has failed to establish the conspiracy declared on. This question, we think, is determined by three Pennsylvania decisions, when read together. The controlling one is Collins v. Cronin, 117 Pa. 35, 11 Atl. 869. In the opinion in this case the court cited and distinguished the previous case of Laverty v. Vanarsdale, 65 Pa. 507. In the latter case a schoolmaster sued a number of persons for conspiring to prevent him from obtaining employment. This was clearly an action on the case in the nature of conspiracy. At the trial it turned out that only one of the alleged conspirators was concerned and that he alone had done the wrong and caused the damage. In discussing whether the tort proved was, under the pleading, actionable, the court stated the rule as follows:

" * * * The damage sustained by the plaintiff is the ground of the action, not the conspiracy. Where the action is brought against two or more, as concerned in the wrong done, it is necessary, in order to recover against all of them, to prove a combination or joint act of all. For this purpose it may be important to establish the allegation of a conspiracy. But if it turn out at the trial that only one was concerned, the plaintiff may still recover, the same as if such one had been sued alone. The conspiracy or combination is nothing, so far as sustaining the action goes, the foundation of it being the actual damage done to the party."

In reviewing that case in Collins v. Cronin, Mr. Justice Paxson said:

"This is perfectly good law. Under the facts of that case *the combination or conspiracy was nothing*. One of the defendants could have traduced the character of the plaintiff as a teacher, as well as a number of them, and if he had done so he was clearly liable in damages for his own act even although the other defendants had no part in it. It was an act capable of being performed by one defendant alone."

The court then distinguished Collins v. Cronin from Laverty v. Vanarsdale on the facts by showing that in Collins v. Cronin the con-

spiracy sued upon was the act of a father confessing judgment to his son to defraud his creditors. Continuing, the court said:

"But in the case in hand *the conspiracy was everything.* Without it the plaintiff has no cause of action, for the plain reason that the acts charged in the declaration were of such a nature that they could not be committed by one defendant alone."

This distinction in cases of conspiracy under Pennsylvania law, based, as we understand it, always on the fact that the tort complained of could be done by one of several alleged conspirators or could only be done by two or more of them, involving situations in which the conspiracy is nothing or is everything, was briefly discussed in Landau v. Hostetter, 266 Pa. 7, 109 Atl. 478, perhaps the last case on the subject. This case adds nothing to the decision or to the reasoning of the opinion in Collins v. Cronin. It simply reviews that case—recognizing the distinction between it and Laverty v. Vanarsdale—and sustains it. It is not helpful because of the lack of facts on which conspiracy was charged and the judgment based. It does little more than state that "here the conspiracy was the gravamen of the plaintiff's complaint," evidently following Collins v. Cronin. Applying these authorities to the facts of the case at bar it would seem that we must lay aside Collins v. Cronin, where the conspiracy was everything, because here the jury has found there was no conspiracy. Hence the judgment can be sustained only if, as in Laverty v. Vanarsdale, the conspiracy was nothing and yet the wrong done by one of the alleged conspirators— that is, by Johnston alone—was a tort and a tort that was actionable.

[2] Venturini says it was such a tort; Johnston that it was not. If it was a tort at all it was one in the nature of a deceit; and, if deceit, an action of deceit could be maintained on it only if all the requirements of such an action were met. What happened? The parties made the contract. After they had entered upon its performance, Johnston made the alleged false representation to Venturini, by reason whereof he kept a part of the money which from time to time he owed Venturini under the contract. For a while Venturini thought Johnston was telling the truth and did nothing. Was such conduct fraud on which an action of deceit can be maintained against Johnston? We think it was not.

There are many authorities on this question, the trend of which can be found in 12 R. C. L. 239, 352. There it is said:

"The law requires good faith in every business transaction, and does not allow one intentionally to deceive another by false representations or concealments, and if he does so it will require him to make such representations good, but it does not make one party to a contract responsible in damages for every unauthorized, erroneous, or false representation made to the other, although it may have been injurious. The ground of the action of deceit is fraud and damage, and when both concur the action will lie. Moreover, both must concur to constitute actionable fraud, a common statement of the rule being that neither fraud without damage nor damage without fraud is sufficient to support an action. The essential elements required to sustain an action for deceit are that the representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on i

and was induced thereby to act to his injury or damage. All of these ingredients must be found to exist, and the absence of any one of them is fatal to a recovery."

Moreover, the rule requires that a false representation, in order to be cognizable by the law as a fraud, must be relied on as an inducement to action or to injurious change of position. In other words, the party to whom the fraudulent representation was addressed must have been induced by it to do something to his injury. Here, Venturini was not induced to do something. On the contrary, he was induced to do nothing. He had a right under the contract to full payment for his coal. Johnston, it is alleged, withheld a part of the payments and was able to do so by reason of his alleged false representation. The most that Venturini was thereby induced to do was to stand by and let Johnston keep his money. He was, of course, not induced by the false representation to make the contract because the representation was made after the contract had been entered into. Not having been induced to do anything, Venturini sustained no injury by reason of the false representation beyond that normally incident to the failure of Johnston to perform his contract. Nor was he thereby put into a changed position or deprived of any right, for he still has his right of action at law against Johnston for breach of contract. If he had sued in deceit and if, conceivably, his action were maintainable, he could recover at most only the sum due him under the contract, for that (under the jury's verdict of no conspiracy) is the only damage he has sustained. He could not recover damages for the false representation, for in its consequences the ingredients of deceit are absent.

Therefore we are driven to the conclusion that the wrong which Johnston, as one of several alleged conspirators, may have perpetrated alone, was nothing more than a failure to keep his contract. Though in a sense a wrong, it was not in law a tort. For this wrong Venturini cannot recover against Johnston in an action on the case for deceit but must sue in assumpsit on the contract (about which, incidentally, there is a dispute), and recover, if at all, not on Johnston's misrepresentation but on his breach of contract.

The judgment below is reversed and a venire de novo awarded.

⬥⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes