# Great Bear Spring Company *v.* Fischman, Appellant.

*Negligence—Automobiles—Right-angle collision—Case for jury.*

In an action of trespass for damages, it appeared that the plaintiff's truck was struck, while turning into a side street, by defendant's automobile, proceeding up the main street in an opposite direction. It also appeared that the defendant had a full view of the street two or three hundred feet from the place of the accident, and that the plaintiff's truck had reached the curb line when it was struck. Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Argued December 10, 1923. Appeal, No. 316, Oct. T., 1923, by defendant, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1921, No. 7767, on verdict for plaintiff in the case of Great Bear Spring Company v. Isadore Fischman. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass for damages to automobile. Before Mc-DEVITT, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff in the sum of $750, and judgment was entered thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal of defendant's motion for judgment non obstante veredicto.

*Louis Wagner,* and with him *Richard A. Smith* and
*Wilbur F. Whittle,* for appellant.

*Louis Jaquette Palmer,* for appellee.

OPINION BY HENDERSON, J., February 29, 1924:

According to the plaintiff's evidence the injury com-
plained of resulted from a right-angle collision of a
motor truck driven by an employee of the defendant
against the side of an electric truck owned by the plain-
tiff. The plaintiff's driver was proceeding down Broad
Street with the intention of going on to Reed Street,
east of Broad, and in doing so he turned to the left on
Broad Street and proceeded eastwardly across Broad
Street to Reed Street where it intersected Broad Street.
When the front of the truck was about at the east line
of Broad Street, it was struck on the right side by the
defendant's truck which was coming up Broad Street at
a speed of 18 or 20 miles an hour. The plaintiff's car
was crowded to the edge of the sidewalk at the line of
Reed Street and was damaged by the contact of the
defendant's car. The defendant's allegation differs al-
most wholly from the case as presented by the plaintiff.
According to the testimony of the driver of the defend-
ant's truck, he was moving along Broad Street at a
speed of about 10 miles an hour and as he was crossing
the line of Reed Street, the driver of the plaintiff's truck
ran into the defendant's truck, slightly damaging the
latter. Notwithstanding the fact that the verdict was
for the plaintiff, the appellant contends the court
should have given binding instructions to the jury on
the ground that there was no evidence of negligence of
the defendant's driver. We are unable however to ob-
tain any view of the case which would have required the
court to so instruct the jury if there had been no evi-
dence for the defense. The plaintiff's evidence makes
out a clear case of negligence of the defendant's driver.
The accident occurred at a street intersection and if the

defendant's car was driven at the speed stated by the plaintiff's witness, negligence might well be attributed to the driver of the truck. It is manifestly the duty of one driving such a vehicle in such a place to do so with care and with regard to the safety of those using the drive ways or adjacent sidewalks. This requires that the machine used be under the control of the driver and operated at such speed that collisions may be avoided or the effect thereof reduced to a minimum. It was said in Lorah v. Rinehart, 243 Pa. 231, that "The test of control is the ability to stop quickly and easily. When this result is not accomplished, the inference is obvious that the car was running too fast, or that proper effort to control it was not made. If dangerous and powerful machines such as automobiles, whose weight when in motion gives them great momentum, are to be permitted to use the public highways, prudence requires that they be kept under good control so that they may be promptly brought to a halt, if need be." The plaintiff's evidence would warrant the conclusion that the defendant's driver could have seen the plaintiff's truck crossing Broad Street from a point 200 or 300 feet away, and if, as the plaintiff's evidence tends to show, a part of the plaintiff's truck was east of the curb line on the east side of Broad Street when the collision occurred, there was room for the inference that the defendant's truck was driven at too high a rate of speed, or that the driver was negligent in not passing at the rear of the plaintiff's truck. In view of the location and extent of the injury to the truck, the defendant's explanation of the occurrence probably made little impression on the minds of the jurors; but if the evidence of this witness had been more convincing, the jury would still have been required to ascertain whether the defendant's agent was responsible for the injury.

It is further contended that there was not sufficient evidence of the reasonable cost of the repairs made on the car. The evidence shows that the second day after

the collision, the truck was taken to the works of the Commercial Truck Co.; that soon after an estimate was made of the cost of the repairs made necessary because of the collision; that this estimate was $750. There was evidence that when the work was done a bill was made up from the time slips of each workman engaged on the job and from the material requisitions. The proposal of the repairing company in the estimate made was to do the work for the amount of the estimate or for a smaller sum if the cost should not equal the amount of the estimate. The bill for repairs after the work was done was $750 for the material used and the time of the workmen shown by the time slips. It was in evidence that the prices for labor and material employed were the reasonable and ordinary market prices prevailing at the time. It was also proved that the plaintiff paid the Commercial Truck Co. $750 for the repairs made. The evidence on the subject we regard as competent and sufficient to support the submission of the question of cost to the jury. No testimony was offered to contradict the plaintiff's evidence on the subject of the fair value of the repairs. An additional claim was presented for the loss of the use of the truck; the evidence being that the plaintiff hired another truck at $30 a week for nine weeks, the period during which the plaintiff's truck was undergoing repairs. As the verdict only covered the amount of the plaintiff's undisputed outlay for the repairs, it is unnecessary to discuss the competency of this evidence. There is evidence on the other branch of the case to support the amount of the verdict.

The assignments are overruled and the judgment affirmed.