## Emma Speier, Administratrix of the Estate of Isaac Speier, Substituted Plaintiff, Appellant, v. A. C. Messersmith.

*Negligence—Automobiles—Collision at street intersection.*

In an action of trespass to recover damages for personal injuries, it appeared that the plaintiff's automobile had nearly completed the crossing of a street intersection, when it was struck in the rear by the defendant's car coming from the right, with sufficient force to carry it across the width of the street, on which the plaintiff was proceeding.

The fact that the defendant came from the right did not relieve him from the duty of exercising the care necessary in the circumstances with regard to another car which had almost completed crossing the street. A driver must not operate his vehicle recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger property, or the life or limb of any person.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Argued December 4, 1924. Appeal, No. 268, Oct. T., 1924, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1922, No. 2084, in favor of defendant non obstante veredicto, in the case of Emma Speier, Administratrix of the Estate of Isaac Speier, Substituted Plaintiff, v. A. C. Messersmith. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for personal injuries. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,346.50. Subsequently the court, on motion, entered judgment in favor of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Thomas E. Comber, Jr.,* for appellant.

*Ward C. Henry,* and with him *C. William Freed,* for appellee.

OPINION BY LINN, J., February 27, 1925:

This suit grew out of a collision of two automobiles at a street intersection. Plaintiff died after bringing suit; his administratrix was substituted and got a verdict; the court granted defendant's motion for judgment n. o. v., a conclusion challenged by this appeal.

The accident occurred in daytime. Decedent, Speier, driving southward in Chalmers Avenue, (100 feet between curbs) reached Lehigh Avenue, (52 feet between curbs), crossed it southwardly, and entered into 30th Street, (26 feet between curbs), 30th Street being a southern, though narrower, continuation of Chalmers Avenue, the centre line of which, projected, appears to be the centre line of 30th Street. Decedent's automobile had so nearly completed crossing Lehigh Avenue that the front half of his car was south of the south curb of Lehigh Avenue, and 3 or 4 feet east of the west curb of 30th Street. His car was struck on the rear right side by defendant's car, which defendant was driving eastward on Lehigh Avenue, apparently to cross 30th Street. The effect of the impact was to force decedent's car to the southeast corner of 30th Street and Lehigh Avenue, and seriously to injure Speier. Defendant offered no evidence. Plaintiff produced two witnesses concerning the collision. One, a woman, was walking northward to-

ward Lehigh Avenue on the west sidewalk of 30th Street;
she saw decedent's car approaching her as it came from
Chalmers Street, and cross Lehigh Avenue, and partly
enter 30th Street before defendant's car appeared within
her line of vision, which, in the direction from which de-
fendant approached, was limited by the width of the side-
walk on the west side of 30th Street. If the jury believed
her evidence, (and we must assume they did) they were
justified in finding that not only was deceased easily
first at the crossing, but that he had almost completed
the trip across Lehigh Avenue when the rear of his car
was struck by defendant who should have seen that
plaintiff was there first, and accordingly should have had
his car under control and been prepared to stop if neces-
sary. The fact that defendant approached on Speier's
right side, does not relieve him from the duty of exer-
cising the care necessary in the circumstances with regard
to another car which, as here, had almost completed
crossing the street. "He must not operate his vehicle
'recklessly, or at a rate of speed greater than is reason-
able and proper, having regard to the width, traffic, and
use of the highway, or so as to endanger property, or the
life or limb of any person': Act of July 7, 1913, section
14, P. L. 672"; Wolf v. Sweeney, 270 Pa. 97, 99.  In
Weber v. Greenebaum, 270 Pa. 382, 385, it was said of
the Act of June 30, 1919, P. L. 678: "..... and it means
simply that, where the paths of two approaching vehicles
cross at the intersection of public streets, the driver at
the left must give way, unless so far in advance of the
other as to afford reasonable time to clear the crossing
and thus, in all probability, avoid a collision."  While
decedent was "the driver at the left," the evidence sup-
ports the inference that he was so far in advance of
defendant as to have had reasonable time to clear, if
defendant had observed the care required in the circum-
stances. The testimony of the other eyewitness is not
so clear. She appears to have walked on the south side of
Lehigh Avenue from some point west of 30th Street,

eastward until she reached a point about the middle of 30th Street from which she intended to cross Lehigh Avenue to the north; at that moment she saw defend-ant's car, as she says, "coming on a pretty good speed, and I found that I could not go across." She then con-tinued eastward across 30th Street and when near the curb, heard the crash of the collision behind her, not hav-ing seen decedent's car until after the collision.

Taking the evidence in its aspect most favorably sup-porting the verdict, we must reach the conclusion that the jury found that decedent's car had so nearly com-pleted the crossing of Lehigh Avenue from north to south before decedent's car passed the, houseline of 30th Street and that he was negligent in driving ahead without so controlling his car as to permit decedent to complete the crossing. See also Great Bear Spring Co. v. Fischman, 82 Pa. Superior Ct. 502, 504.

Judgment reversed and record remitted with instruc-tions to enter judgment on the verdict.