## Campbell v. Frey.

*Automobile collision—Damages for repairs—Evidence.*

1. Where damages are susceptible of being proven, the amount must be established with certainty.

2. In an action to recover damages for injuries to the plaintiff's automobile, caused by the negligence of the defendant, a bill of the cost of repairs should not be admitted in evidence unless it is also shown that the repairs were necessary because of the accident, that the materials charged for were used and the time charged for was proper, and that the charges were reasonable and at prevailing market price.

Rule to strike off judgment of non-suit. C. P. Lancaster Co., Sept. T., 1924, No. 36.

*K. L. Shirk* and *John A. Coyle,* for plaintiff and rule.

*Charles W. Eaby,* for defendant.

HASSLER, J., Jan. 16, 1926.—This suit was brought by the plaintiff to recover damages for an injury to his automobile caused by the negligence of the defendant. At the trial we entered a judgment of non-suit, because there was no proof of damages.

In McLaughlin v. Baker, 39 Lanc. Law Rev. 393, we granted a new trial, for the reason that there was no proof that the materials and labor charged for in the bill paid by the plaintiff for repairs to his truck were necessary because of the accident, nor was there any proof that the charges were reasonable and proper. Without this there was no evidence from which the jury could estimate the damages. Where damages are susceptible of being proven, the amount must be established with certainty: Forrest v. Buchanan, 203 Pa. 454; Byrne v. Railroad Co., 219 Pa. 217; Atlantic Co. v. Ice Cream Co., 3 Erie Co. L. J. 266. In Great Bear Spring Co. v. Fischman, 82 Pa. Superior Ct. 502, it is decided that to admit a bill for cost of repairs in evidence, it should be shown that the repairs were necessary because of the accident, that the materials charged for were used, and the time charged for workmen engaged in the repairs is proper, and, also, that the prices charged for labor and materials were reasonable and the ordinary market prices prevailing at the time. See, also, Jones v. Philadelphia County, 4 D. & C. 120.

In this case H. G. Rhoad testified that he was a solicitor for the Coleman Auto Body Repair & Body Builders Company of Philadelphia. He bought some parts for the plaintiff's automobile and just about remembered the car. He did not know what was put into it. He said that the bill marked "A. B. H., No. 1," was correct, but in cross-examination said he only knew the total was correct, that he did not know what was put into it or done on the car. O. R. Campbell, the plaintiff, testified that he paid the bill, but could not tell if the items of material and labor went into the car. He did not see the repairs made. We do not know what the bill identified by these two witnesses was, as no bill was offered in evidence. We think, therefore, that no error was committed in entering the non-suit, as there was no evidence from which the jury could have decided what amount of damages the plaintiff sustained. This was necessary, as they were susceptible of being proven and established with certainty. We, therefore, refuse to strike off the non-suit.

From George Ross Eshleman, Lancaster, Pa.