## Close, Appellant, *v.* Philadelphia Electric Company.

*Negligence—Contributory negligence—Automobiles—Collision at street intersection.*

In an action of trespass to recover damages resulting from a collision between two automobiles at a street intersection, a finding for the defendant will be sustained, where the evidence disclosed that plaintiff saw defendant approaching from the right at the rate of 25 miles per hour and but 35 feet from the intersection when he reached the curb and that he continued across the street at the rate of seven or eight miles per hour.

Where the paths of two approaching vehicles cross at the intersection of public streets the driver at the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus in all probability avoid a collision.

Argued November 9, 1926. Appeal No. 284, October T., 1926, by plaintiff from judgment of M. C. Philadelphia County, June T., 1925, No. 932, in the case of James A. Close v. The Philadelphia Electric Company, a corporation. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for damages to an automobile. Before GLASS, J.

The facts are stated in the opinion of the Superior Court.

The Court found for the defendant. Plaintiff appealed.

*Error assigned* was the finding of the Court.

*John V. Horan,* and with him *Wm. W. Smithers,* for appellant.

*Wm. A. Robinson,* for appellee.

OPINION BY TREXLER, J., March 3, 1927:

This suit arose out of a collision between two auto-

mobiles at the intersection of Fifty-first and Parrish
Streets in the City of Philadelphia. The streets cross
at right angles, Fifty-first Street running north and
south and Parrish Street running east and west.
When the plaintiff's car came along Parrish Street
toward the east and reached the west curb line of
Fifty-first Street, going at the rate of seven or eight
miles an hour, he saw the defendant's car approaching
to the right on Fifty-first Street at the rate of twenty-
five miles per hour and thirty-five feet from the south
line of Parrish Street. He proceeded to cross Fifty-
first Street and when almost across the street, he was
struck by the car of the defendant going north on
Fifty-first Street. The point where the paths of two
vehicles would cross as they were approaching each
other at right angles, was on the east side of Fifty-
first Street and it is hard to figure how the plaintiff's
car, going at the rate of seven or eight miles an hour
and the defendant's at the rate of 25 miles an hour
and only thirty-five feet away should have come in
contact at all. If the speeds given are correct, the
defendant's car would have passed long before the
plaintiff's would have reached that point, Fifty-first
Street being a street of some width. It was said in
Weber v. Greenebaum, 270 Pa. 385: "Where the paths
of two approaching vehicles cross at the intersection
of public streets, the driver at the left must give way,
unless so far in advance of the other as to afford
reasonable time to clear the crossing and thus, in all
probability, avoid a collision." Spier v. Messersmith,
85 Pa. Superior Ct. 233.

The plaintiff in this case, was approaching from the
defendant's left and therefore, should have had his
car under such control that he could properly stop it
if necessary to avoid contact with the car crossing his
line of travel and he cannot take the chance of cross-
ing "in front of a car at his right unless it is reason-

ably clear that his path is open.   The statute was intended to regulate traffic at crossings in a practical way and to prevent a race for the first place.   In all cases it is the duty of a driver of a vehicle to observe the approach of other cars on an intersecting path and to exercise due diligence to avoid collision.   It is not sufficient to rely on the probability or assumption that the driver of a car on the intersecting way will perform his full duty with respect to care.''   Kutz v. General Baking Company, 87 Pa. Superior Ct. 300.

When the plaintiff saw the defendant's car thirty-five feet away, he should not have risked passing ahead of him.   The plaintiff, under the circumstances of this ·case was not justified in believing he could pass safely. The defendant's negligence did not excuse him from using the care that was required and we think the court was right in finding for the defendant.

The judgment is affirmed.