## Haughey v. Clush.

*Damages to automobile—Evidence—Bill for repairs.*

In an action to recover damages for injuries to the plaintiff's automobile caused by the defendant's negligence, there is no sufficient proof of the plaintiff's damages where the plaintiff testified that he had a bill for the amount claimed for repairs and the repairs charged for in the bill were made necessary by the accident, without offering further proof of the reasonable value of the repairs, their necessity nor that the time consumed in making them was reasonable.

Rule for a new trial. C. P. Lanaster Co., Sept. T., 1925, No. 48.

*George T. Hambright* and *John E. Malone*, for defendant and rule.

*Paul A. Mueller* and *John M. Groff*, contra.

HASSLER, J., April 16, 1927.—It was shown at the trial of this case that the plaintiff sustained injuries to himself and his automobile by reason of a collision with an automobile operated by the defendant. The plaintiff claimed, and the jury found, that the collision was due to the negligence of the defendant. The only reason for a new trial that requires consideration is that there was no competent testimony to show what damages the plaintiff sustained by reason of the injury to his automobile, so that there was nothing before the jury to justify their finding what the damages to the plaintiff's automobile were.

The only testimony of what the damages to the plaintiff's automobile amounted to was his own testimony and a bill which he received and paid for repairs to it. There was no competent testimony to show that the repairs charged for in the bill and paid by the defendant were neessary because of the collision in question, nor that the materials charged for in it were used, nor that the time charged for work in making the repairs is proper, nor that the prices charged for labor and materials were reasonable and the ordinary market prices prevailing at that time.

The plaintiff first testified that the repairs charged for in the bill were made necessary by the accident. Then, that the party who repaired the car sent a bill and that was all he knew about it. He said he did not know how many hours the workmen were engaged in making the repairs or what materials were used. In Berry on Automobiles (5th ed.), § 1141, it is stated that a receipted bill for repairs to an automobile is not competent evidence of damages. It neither proves the reasonable value of the repairs, their necessity, nor that the time consumed in making them was reasonable. In McLaughlin Brothers *v.* J. E. Baker Co., 39 Lanc. Law Rev. 393, we granted a new trial for the reason there was no proof that the materials and labor charged for in the bill, which was produced at the trial and which was paid by the plaintiff for repairs to his truck, were necessary because of the accident. In our opinion, we said: "Where damages are susceptible of being proven, the amount must be established with certainty: Forrest *v.* Buchanan, 203 Pa. 454; Byrne *v.* Railroad Co., 219 Pa. 217; Atlantic Co. *v.* Ice Cream Co., 3 Erie Co. L. J. 266. In Great Bear Spring Co. *v.* Fischman, 82 Pa. Superior Ct. 502, it is said that to properly admit a bill for the costs of repairs in evidence, it should be shown that the repairs were necessary because of the accident, that the materials charged for were used, and the time charged for workmen engaged on the repairs is proper, and also that the prices charged for labor and materials were reasonable and the ordinary market prices prevailing at that time. See, also, Jones *v.* Philadelphia Rapid Transit Co., 4 D. & C. 120." We followed this in Campbell *v.* Frey, 40 Lanc. Law Rev. 70.

We are of the opinion that it was error to have admitted the bill and submitted the question of the damages to plaintiff's automobile, as there was no evidence upon which they could base a finding of the amount of damages to the automobile.

The jury found a verdict for the plaintiff for $445.50. The amount of the bill for repairs produced at the trial was $237.50. There was sufficient testimony to justify $208 of the verdict. If the plaintiff, within ten days of the filing of this opinion, remits all of the verdict in excess of $208, the rule for a new trial is discharged. Otherwise, it is made absolute.

From George Ross Eshleman, Lancaster, Pa.