Benjamin and Meriam Steinbrecker *v.* T. V.
Monaghan, Appellant.

Argued October 1, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*J. W. McWilliams*, and with him *G. A. Troutman* and *Charles S. Wesley*, for appellant.

*David F. Maxwell*, and with him *Anthony H. Whitaker* and *Edmonds, Obermayer and Rebmann*, for appellee.

Opinion by Cunningham, J., November 20, 1930:

Plaintiffs have a verdict, with judgment thereon, for $1,248 as damages for the death of their son from injuries received in a collision of motor vehicles; defendant, complaining of the refusal by the trial judge of his point for binding instructions and denial by the court, in banc, of his motions for judgment n. o. v. and for a new trial, has appealed.

On the afternoon of July 14, 1925, appellant's large and heavy truck was being driven by his employe south on Corinthian Avenue, Philadelphia, and appellees' son, nineteen years of age, was driving a light furniture truck west on Parrish, an intersecting street. When the furniture truck had nearly completed the crossing of Corinthian Avenue and was about to continue its passage westward on Parrish Street it was struck in the rear and overturned by appellant's truck which then ran up on the pavement at the southwest corner of the streets, broke off a telegraph pole and came to rest with three wheels on the sidewalk. The negligence charged in the statement and relied upon by appellees at the trial was excessive speed upon the part of appellant's driver and consequent failure of control when approaching the intersection. Appellees were entitled to the presumption that their son was free from contributory negligence (Longenecker v. Penna. R. R., 105 Pa. 328) and in the brief for appellant it is stated that he "does not contend that the decedent was negligent." The only question involved, therefore, is whether there was evidence justifying the trial judge in submitting to the jury the inquiry whether appellant's driver had been guilty of negligence causing the injuries. An examination of the testimony for the appellees—appellant offered none—is required.

The streets in question do not intersect at right angles. The continuation of Parrish Street west of

Corinthian Avenue is twenty-five feet south of the place at which it intersects the east curb of Corinthian Avenue, so that the south curb of Parrish Street to the east of Corinthian Avenue is on a line with its north curb to the west thereof. Parrish Street is twenty-six and Corinthian Avenue forty-eight feet wide from curb to curb.

The most complete statement of the circumstances of the accident is found in the testimony of an eye witness, who was driving a horse east on Parrish Street and had reached a point about twenty-five feet west of its intersection with Corinthian Avenue, affording him a full view of the collision. He testified: "I seen a big heavy truck coming pretty fast south on Corinthian Avenue. Suddenly this furniture truck [driven by appellees' son] was struck in the rear and upset, pushing it on the side, pinning the fellow underneath it that was driving it. The fellow on the opposite side [appellant's driver] jumped out and ran away. After he hit the fellow he broke a telegraph pole off completely from the ground, an extra heavy telegraph pole." There was no direct evidence relative to the speed of appellant's truck, in miles per hour, and under all the authorities the vague expression of the witness that it was "coming pretty fast" would not, of itself, sustain an averment of excessive speed. The evidence, however, disclosed other facts which must be taken into consideration in determining whether the trial judge erred in refusing binding instructions for the appellant. From it a jury could reasonably find that the truck driven by appellees' son had practically cleared the point of intersection of its path with that of appellant's and was entering upon Parrish Street west of Corinthian Avenue when it was struck in the rear by appellant's large, heavily-loaded vehicle, operated by his employe upon his business; that the accident happened in daylight and upon

dry streets; that the force of the collision was such that the lighter truck was knocked from a point near the northwest over to the southwest corner of the intersection and thrown upon its side, crushing the driver beneath it; and that appellant's truck continued in a southwesterly direction with sufficient speed and force to break off a heavy telegraph pole located in the sidewalk about ten feet west of the southwest corner of the streets. It was proper to submit the evidence of these facts for consideration by the jury (Silberstein v. Showell, etc., 267 Pa. 298; Lorah v. Rinehart, 243 Pa. 231; Kuhns v. Conestoga Traction Company, 290 Pa. 303) and in our opinion it reasonably supported the inference drawn by the jury, namely, that appellant's driver approached this intersection with such speed and lack of control as, under all the circumstances, amounted to negligence.

In Speier, Admx., v. Messersmith, 85 Pa. Superior Ct. 233, 235, (a case in which the facts were comparable with those here appearing) this court, citing authorities which need not be repeated, said the fact that the driver, whose negligence was in question in that case, approached on the other driver's right side would not relieve him from the duty of exercising the care necessary in the circumstances with regard to another car which had almost completed crossing the street. Here, it may be said (in the language of the Speier case) that, while decedent was "the driver at the left," the evidence supports the inference that he was so far in advance of appellant's truck as to have had reasonable time to clear if its driver had observed the care required in the circumstances.

We are not impressed by the ingenious speculations of counsel for appellant to the effect that "the accident could have happened in any one of a dozen possible ways without being due to the negligence of the operator of appellant's car." Appellant's driver, having

survived the accident, was the best source of information with respect to its causes, but, for reasons best known to appellant, he was not called as a witness, nor was his absence accounted for. Appellant was entirely within his rights in trying his case as he did, but is not justified in now advancing a number of theories, none of which finds any support in the evidence.

Upon examination of the charge in the light of the assignments of error relating thereto, we are unable to find any merit in appellant's contentions. The action of the court below in discharging the rule for a new trial and denying the motion for judgment n. o. v. was free from error and the assignments are severally overruled.

Judgment affirmed.