## Demas, Appellant, *v.* Laskey.

634

Argued March 24, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Karl D. Enzian*, with him *John A. Robb* and *Van Der Voort, Rahauser, Royston & Robb*, for appellant.

*Alex. A. Garroway*, with him *Wick, Smith & Hodel*, for appellee.

PER CURIAM, April 12, 1948:

This was a suit by a tenant against his landlord for constructive eviction. The property was a theater in Brownsville, Pennsylvania, and the term was three years from December 1, 1928, to December 1, 1931. The lease provided, "Mr. Demas to pay to Mrs. Laskey rent for the building at the rate of five hundred ($500) dollars per month payable monthly in advance on the first day of each month; also pay all taxes and water rents assessed against the premises and the cost of insurance on the property during the three year period. During the three year period Mr. Demas shall have the right to purchase and install additional new equipment and fixtures in the theater, and at the end of the three year period Mrs. Laskey will pay Mr. Demas one-half of the actual cost installed of the new equipment and fixtures remaining in the theater provided that all equipment and fixtures are fully paid for by Mr. Demas, and the said one-half of the actual cost shall not exceed the sum of $5000.

"During the said three year period Mr. Demas will keep the fixtures and equipment used in the theater in good repair and in as good condition as when taken over by him on December 1, 1928, and shall return said equipment and fixtures to Mrs. Laskey at the end of said three year term in as good condition as when received, reasonable wear and tear excepted. Mr. Demas shall not make any alteration to the building without the consent of Mrs. Laskey.

"The repairs to the theater building property to be made by Mrs. Laskey at her expense.

"During the period of Mr. Demas' tenancy of three years, he will replace or repair any damage done to the property by himself or his employes."

Plaintiff took possession and operated the theater until it was damaged by a fire on August 8, 1929, rendering it unfit for theater purposes. Defendant repaired the building and on December 19, 1929, offered it to plaintiff who declined to receive it contending that the repairs were not complete, specifying that a door was not properly glazed and that the painting of the walls of a room was not satisfactory to him. The court properly held that these were trivial failures, at best justifying the withholding from rent the cost of correcting them, but in no sense justifying surrender: cf. *McDanel v. Mack Realty Co.,* 315 Pa. 174, 177, 172 A. 97; *Jackson v. Farrell,* 6 Pa. Superior Ct. 31. As the facts were not disputed, Judge McNaugher, who presided, was clearly right in holding that there was no eviction. He also points out in his opinion entering judgment n. o. v. that plaintiff was in default in the payment of rent at the time he says he was thus evicted; the fire did not relieve him of the obligation to pay rent: *Sankey v. Martin,* 93 Pa. Superior Ct. 389.

Judgment affirmed.