Breier, Appellant, *v.* Miller North Broad Storage Company.

Argued June 11, 1959. Before RHODES, P. J., WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT and GUNTHER, JJ., absent).

*Edward I. Weisberg,* with him *David N. Feldman,* for plaintiff, appellant.

*Arthur R. G. Solmssen,* with him *Saul, Ewing, Remick & Saul,* for defendant, appellee.

*Paul Brandeis,* for defendant, appellee.

OPINION BY WRIGHT, J., September 16, 1959:

Molly Breier instituted an action in trespass against her landlord, Henry Seletsky, and the Miller North Broad Storage Company, hereinafter referred to as Miller, seeking to recover damages for the removal of the contents of her apartment. Defendant Miller answered that plaintiff's goods had been removed at Seletsky's direction, and that Seletsky was indebted to it for the removal and storage charges. Defendant Seletsky answered that, because of a fire in the apartment building, it was necessary that the goods be removed "with the full knowledge of plaintiff in order to protect the said goods from vandalism and destruction". Seletsky also averred that plaintiff was respon-

sible for Miller's removal and storage charges. The case was tried before President Judge Carroll and a jury. After plaintiff had completed her testimony, the trial judge entered a compulsory nonsuit. The trial then proceeded with respect to the counter-claim. At the conclusion of the testimony in this regard, the trial judge directed a verdict against the plaintiff in the sum of $520.64. Motions by the plaintiff to take off the nonsuit and for a new trial were dismissed, and judgment entered accordingly. Plaintiff has appealed.

The testimony of appellant and her witnesses established that Seletsky was the owner of a four-story apartment building at the southwest corner of 46th and Spruce Streets in the City of Philadelphia. For several years appellant had been a tenant under written lease[1] of apartment 3A, consisting of four rooms, foyer and bath, in the front portion of the third floor. On the afternoon of March 19, 1954, the apartment building was substantially damaged by a two-alarm fire. Firemen played water on the roof for some three hours, and a considerable portion of the roof collapsed. The entire fourth floor ceiling was "pulled by firemen in order to get to the seat of the fire". A panel from the front door of appellant's apartment was removed by firemen in order to gain entrance thereto. The electric current and gas were shut off, and there was no elevator service. Appellant admitted that she could not have lived in the apartment on the night of the fire. The landlord thereafter requested appellant, first orally and then in writing, to remove her goods so that repairs could be made. Appellant instructed Miller to remove the goods, but subsequently cancelled those instructions

---

[1] The lease is not in the record. The court below states that it was "an exhibit lost with all other exhibits but admittedly the standard form of lease permitting the landlord to enter for repairs and take all reasonable actions pertaining thereto".

and attempted to board over the door. Seletsky then ordered Miller to remove and store appellant's goods. When appellant demanded that the goods be returned, Miller offered to return them without charge provided appellant would execute a release, which she refused to do.

Whether the evidence is true is a question of fact, but whether the evidence meets the required standard which justifies its submission to the jury is always a question of law: *Bessen Bros. v. Brooks,* 176 Pa. Superior Ct. 430, 107 A. 2d 623. Appellant's action was not based on the theory of a constructive eviction. Cf. *Demas v. Laskey,* 358 Pa. 633, 58 A. 2d 134. She sought to recover on the theory that there was a conspiracy between Seletsky and Miller, and also claimed exemplary damages from Seletsky on the ground that he was actuated by malice. Viewing the evidence in the light most favorable to appellant, *Deemer v. Weaver,* 324 Pa. 85, 187 A. 2d 215, we have concluded that she failed to establish her case. In this connection we adopt the following excerpts from the opinion filed by the court below under our Rule 43:

"The case was before us on a second trial, the jury having disagreed at the first trial. While we are mindful of the reluctance of our Courts to nonsuit a plaintiff and to direct a verdict on a counterclaim, we believe that the plaintiff in this case, despite two attempts, has conclusively indicated her inability to prove the conspiracy and malicious wrongdoing which is the gist of her complaint. . .

"Clearly, the elements of conspiracy have not been established. No action has been proven which indicates any concerted plan by Miller North Broad Storage Company and Henry Seletsky, nor can any inference to that effect be fairly drawn from the evidence. Speculation and conjecture are not sufficient to present a jury question. It is manifestly clear that the plaintiff

must prove her case by 'full, clear and satisfactory evidence': Fife v. Great Atlantic & Pacific Tea Co., supra, [356 Pa. 265, 52 A. 2d 24] at page 267, and that the allegations are controlling, particularly since no motion to amend to allege negligence or any other cause of action was made. See particularly Johnston v. Venturini, 294 F. 836 (1924). Thus, since no evidence of a conspiracy on Miller North Broad's part has been established, there can be no adverse finding on that score against Seletsky since one cannot conspire with himself.

"Therefore, the only other question remaining is the action for punitive damages against Seletsky based upon malice. That the fire occurred and was serious seems clear from the evidence. The question then is whether the landlord, under the circumstances, was entitled to seek removal of the goods while repairs were being made. Although plaintiff attempted to minimize the damage, her own witnesses established that a roof collapsed and that the over-all damage was sufficient to require new wiring, painting and scraping of the premises. Clearly under the lease the landlord was entitled to elect to follow the course he did and plaintiff has not established quantitively or qualitatively that proof which is necessary to sustain a claim for punitive damages. . . The proof must be clear and certain when malice and bad faith are alleged. Indeed, in the instant case far from establishing wrongdoing on the landlord's part, plaintiff did not establish any impropriety. She received notice to remove the goods and refused to take any steps. Thereafter, he was compelled to act because of her refusal to do so. He concededly picked the nearest warehouse to minimize costs and then acted reasonably in view of her attitude.

"With respect to the counterclaim, we believe that Miller is entitled to be compensated in full and that plaintiff's refusal to accept tender, coupled with her

refusal to move the goods herself when requested to for good cause by the landlord, fixed the responsibility on her for payment. Since there is no dispute about the reasonableness of the bill, it follows that no further proof was needed on that score.

"It was for these reasons that we believe justice would best be served by bringing this long litigated case to an end".

Judgment affirmed.