## Moore v. Gardiner, Appellant.

*Landlord and tenant—Dwelling house—Habitable condition.*

A tenant went into possession of a dwelling house in the month of January under a lease for a year. He remained in the property during the remainder of the winter, and during the whole of the following winter until the month of May. His only reason for removing before the end of his term was the fact that the heater did not heat the house properly, and that therefore the house was untenantable. The lease provided that the tenant should keep the premises in good order, condition and repair. The tenant admitted that the house was not untenantable at the time he removed from it. *Held*, that the tenant was liable for the rent for the remainder of the term.

Argued March 27, 1894.   Appeal, No. 245, Jan. T., 1894, by defendant, William H. Gardiner, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1892, No. 126, on verdict for plaintiff, Joseph C. Moore.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.   Affirmed.

Assumpsit for rent.   Before REED, J.

At the trial it appeared that, on Jan. 30, 1890, defendant leased from plaintiff the premises No. 1606 North 18th street in the city of Philadelphia for the term of one year.   By the terms of the lease the tenant was " not to use or occupy the premises other than as a private dwelling, without the written consent of the lessor, and during the said term to keep the premises in good condition, order and repair."   It was alleged by defendant that an agent of the landlord had agreed to put the heating apparatus in good condition, if any defect was discovered in it.   This agreement was not incorporated in the lease.   Defendant remained on the property during the remainder of the winter, and the whole of the following winter until May, 1891.   The reason which he gave for removing was the fact that the heater did not heat the house properly, and that therefore the house was untenantable.   He, however, admitted that the house was not untenantable at the time he removed from it.   The court gave binding instruction for plaintiff.

Verdict for plaintiff.   Defendant appealed.

*Error assigned* was above instruction, quoting it.

*Joseph S. Goodbread,* for appellant, cited: Showaker v. Boyer, 3 Pa. C. C. R. 271; Wolfe v. Arrott, 109 Pa. 477; Crump v. Morrell, 12 Phila. 249; Robins v. Kitchen, 8 Watts, 390; Brown v. Dysinger, 1 Rawle, 408; Baskin v. Seechrist, 6 Pa. 154; Hockenbury v. Snyder, 2 W. & S. 240.

*E. O. Michener,* for appellee, cited : Hollis v. Brown, 159 Pa. 539.

PER CURIAM, April 16, 1894:

When the defendant remained over in possession of the leased premises after the end of the first year, he thereby became a

tenant for another year under the express terms of the lease. He remained in possession for several months of the second year and then abruptly left without giving any notice of his intention to do so as was required by the lease.  He could not relieve himself of his liability for rent during the remainder of the second year in that manner.  Nor will it be of any avail to allege certain verbal communications between the parties prior to and at the time of the execution of the lease.  They were not incorporated into the lease and there are no facts in evidence which would justify the alteration of the lease so as to include them.

Moreover the defendant lived in the house through the first winter and until the end of the year on February 10, 1891, and paid all the rent for that year.  He continued to live in the house throughout the second winter and until May 10, 1892, and paid all the rent for that time.  His whole complaint is that the house was not properly heated, but he admitted that at the time he left it was not too cold, and there was nothing to prevent his living there, so far as the heater was concerned, after that date.  The house was certainly not untenantable when he left it, and, if it had been before, he condoned it all by paying the rent.  The case of Wolf v. Arrott, 109 Pa. 473, is so entirely different from this in its facts that it has no application.  The case of Hollis v. Brown, 159 Pa. 539, is much stronger in its facts than this, in favor of the tenant, and yet he was held liable.

Judgment affirmed.