## Sutton, Appellant, *v.* Reed et al.

*Pleading—Practice—Statement of claim—Sufficiency—Damages
—Nominal damages—Failure to allege actual damages.*

Where a statement of claim is not sufficiently specific the remedy is for a rule for a more specific statement.

When there is any doubt whether or not a summary judgment should be entered, the application for judgment should be refused.

Where a contract itself furnishes a guide to the measure of damages, failure to allege actual or substantial damages does not limit the plaintiff to nominal damages.

In an action for breach of contract for failure to install a furnace, a statement that the defendant promised to erect the furnace; that the plaintiff paid an increased rent in consideration of such promise, and that the defendant failed to fulfil his agreement, is sufficient to establish a cause of action.

Under such circumstances, it is reversible error for the court to enter judgment for the defendant for want of a sufficient statement.

Argued October 11, 1922.    Appeal, No. 123, Oct. T., 1922, by plaintiff, from judgment of Municipal Court of Philadelphia, March T., 1922, No. 361, making absolute rule for judgment for want of a sufficient statement of claim in the case of Martha S. Sutton v. Estate of Alan H. Reed, deceased, Caroline S. Reed, and The Land Title and Trust Company, executors and trustees.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Reversed.

Rule for judgment for want of a sufficient statement of claim.    Before BONNIWELL, J.

The opinion of the Superior Court states the case.

The court made absolute the rule.    Plaintiff appealed.

*Error assigned* was the order of the court.

*J. Edgar Butler,* and with him *E. Hunn,* for appellant.

158, (1922).]  Arguments—Opinion of the Court.

*Allen S. Olmsted, 2d,* and with him *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY HENDERSON, J., December 14, 1922:

The plaintiff's action was brought on an alleged breach of contract for the failure of the defendants to install a new back furnace in the premises, No. 1107 Spruce Street, which they leased to the plaintiff April 15, 1920. The plaintiff had been a tenant of the premises prior to that date, and negotiations between her and the defendants resulted in an offer, in writing, by the latter that if Mrs. Sutton would agree to pay an additional amount of $200 rent for the succeeding year the landlords would put in for her "a new back furnace." This offer was made March 23, 1920, and was accepted by Mrs. Sutton through her attorney by a communication in writing dated April 1, 1920. The agreement in relation to the furnace was not incorporated in the lease, but is asserted in the statement of claim to be a collateral agreement on the strength of which the lease was executed. The term of the tenancy under the new lease began June 22, 1920. Mrs. Sutton remained in possession during the year and paid her rent according to the terms of the lease. The furnace was not put in by the landlords. This action was brought for damages for that failure.

The statement of claim sets forth the facts as above outlined.

On a rule for judgment for want of a sufficient statement of claim the court gave judgment for the defendant, and from that action the plaintiff brings this appeal. No opinion was filed by the court below, but we may assume that the judgment was given for one or both of the reasons set forth in the appellee's brief and in the oral argument; they are (1) that the breach of the collateral promise to install a new back furnace was waived by the plaintiff, (2) that the statement of claim does not set forth any damage caused by the defendants' alleged breach. That the placing of a new heater in the house

was an inducement to the tenant to pay additional rent, and that the landlords promised to install it plainly appears in the statement of claim, as does also the fact that there was a failure to comply with this agreement. The contention is, however, that payment by the tenant amounted to a waiver of her right to the new furnace. The cases of Moore v. Gardiner, 161 Pa. 175, and Spaulding v. Justice, 68 Pa. Superior Ct. 133, are cited in support of this contention. In those cases the tenants disaffirmed the contract and undertook to defeat the collection of the rent; in the first case because the house was alleged to be untenantable and in the second because of misrepresentations in regard to the condition of the premises. In Moore v. Gardiner the tenant was under the obligation to make repairs by the terms of the lease. The objection that the house was untenantable by reason of the condition of the furnace was not made until after the house had ceased to be untenantable for that reason, if it ever was. In Spalding v. Justice the allegation was that the representations as to the condition of the house were fraudulent, but the tenant, instead of disaffirming the contract, continued to remain in the premises and enjoyed the occupancy of the property. These cases rest on a different state of facts and involve a different principle from that contained in the appellant's statement. She had a collateral contract the existence of which induced her to pay an increased rent for the premises. She lost the advantages of the improvement stipulated to be made. No time was fixed when the work should be done, and as the term began the latter part of June it may be reasonably assumed that it was not to be undertaken immediately. The fact that the tenant remained on the premises, therefore, and paid her rent does not militate against her right of action for the breach of the contract as set out. Nor was she bound to resist payment of the rent and undergo the cost and risk of the seizure of her property on a landlord's warrant and work out through an action of replevin the re-

lief to which she might be entitled, if any she had. In such circumstances it is clearly indicated, in Warner v. Caulk, 3 Wharton 193, an action might be maintained for the resulting damage; and this is the effect of Gorman v. Miller, 27 Pa. Superior Ct. 62.

Ordinarily, where a covenant goes only to part of the consideration and a breach of such covenant may be paid for in damages, it is an independent covenant and an action may be maintained for such breach: Obermyer v. Nichols, 6 Binn. 159.

The plaintiff's action is not in disaffirmance of the lease, but for the enforcement of a contract collateral thereto.

The measure of damages set forth in the statement is the loss of $200 by reason of the defendants' failure to perform the agreement set forth in the statement.

It is provided in the Practice Act of 1915, that, "every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts......but not the evidence by which they are to be proved, or inferences, or conclusions of law." Tested by this standard we regard the statement of claim as sufficient to establish a cause of action, and if a cause of action is set forth the plaintiff on the facts stated would be entitled at least to nominal damages. Where the contract itself furnishes a guide to the measurement of damages, failure to allege actual or substantial damages does not limit the plaintiff to nominal damages: Adams Express Co. v. Egbert, 36 Pa. 360. Where a statement is not sufficiently specific, the remedy is for a rule for a more specific statement. Where there is any doubt whether or not a summary judgment should be entered the application for judgment should be refused.

Without discussing the true measure of damage in the plaintiff's case, we deem it sufficient to say that a cause of action is expressed in the statement of claim and this being the case the court was without authority to enter the judgment complained of.

The judgment is reversed and the record remitted to the court below, with direction to reinstate the plaintiff's action.