## Rumble v. Locust Mountain Coal Company.

*B. V. O'Hare* and *F. F. O'Hare*, for plaintiff.

*M. M. Burke* and *P. H. Burke*, for defendant.

HICKS, J., Feb. 24, 1930.—In the plaintiff's statement it is averred, *inter alia*, that he is the owner of a tract of land in Union Township, through which flows a stream of water known as Dark Run, across which he constructed a dam; he also constructed upon the said land, and operated, a grist and sawmill. The tract of land, mill and stream were used by him in carrying on his business of milling, sawyer and harvesting ice from the dam; that between Jan. 7, 1923, and the time of bringing this suit, the defendant wilfully, wantonly, wrongfully, injuriously, negligently and unlawfully kept and continued and caused to be dumped from its stripping on the Locust Mountain refuse on the northern slope and at the headwaters of Dark Run, which refuse consisted of earth, gravel, rock and clay, and during freshets and rains was washed into the stream, polluting the water and causing the bed of the stream and the dam of the plaintiff to be completely filled to the breast with the refuse. The plaintiff sets out his damages as follows: "9. That by reason of said refuse filling up the bed of said Dark Run and dam on plaintiff's land the plaintiff's milling, sawyer business and ice harvest was entirely cut off." "10. That by reason of said refuse filling up the bed of said Dark Run the water and refuse has flown over his land, making it unfit for farming and the water unfit for domestic purposes." "11. That also by reason of said refuse caused by said dump the lands of the plaintiff have been so depreciated in value and damaged that the plaintiff has been prevented from using said lands for the conduct of his lawful business and for the sale thereof, to the great damage to plaintiff." "Wherefore, the plaintiff has sustained damage to the extent of Fifty Thousand ($50,000.00), and therefore he brings this suit."

The defendant filed a petition for a rule for a more specific statement, which was awarded. The defendant, in its petition, alleges that the statement should be more specific in setting out the damage alleged to have been sustained, and that in order to properly prepare and make its defense against the claim, it is necessary that the plaintiff should set forth specifically what damages he suffered in each of the matters set out in his statement of claim. The damages alleged to have been suffered by the plaintiff in his statement by the refuse filling up the bed of the stream and the dam and overflowing his land were, paragraph 9, the cutting off entirely of the plaintiff's milling, sawyer business and ice harvest; paragraph 10, unfitting the land for farming and the water for domestic purposes; paragraph 11, depreciating the land in value and damaging it so that "the plaintiff has been prevented from using said lands for the conduct of his lawful business and for the sale. . . ." And, then, a lump sum is claimed to cover all the damage set out in the paragraphs just referred to. The plaintiff argues that the damages claimed are sufficiently specifically set forth, and that this being a trespass action it is not necessary to set out the apportioned damage for each specific loss, and that a claim for damages in a lump sum meets the legal requirements.

There is no doubt that where a statement of claim is not sufficiently specific, the remedy is for a rule for a more specific statement: Long *v.* McAllister, 275 Pa. 34, 39; Rhodes *v.* Terheyden et al., 272 Pa. 397, 401; Sutton *v.* Reed et al., 80 Pa. Superior Ct. 158; Patterson *v.* Union Transfer Co., 84 Pa. Superior Ct. 273. In the case of Moser *v.* Fernsler, 23 Schuy. Legal Rec. 95, this court, through Bechtel, P. J., has held that the plaintiff's statement must be a bill of particulars in an action of trespass as well as in an action of *assumpsit* under the Practice Act of 1915, and that the provisions of section 13 of the said act, relieving defendants from filing an affidavit of defense denying certain allegations as to the damages claimed, do not relieve the plaintiff from the duty of giving a detailed statement of the damages claimed as section 5 of the act provides. See, also, Hyde Park Gas Co. *v.* People's Coal Co., 29 Dist. R. 841; Diehl *v.* Stewartstown R. R. Co., 6 D. & C. 269; Bollinger *v.* Greenaway, Jr., 3 D. & C. 312; Ritchey *v.* Pratto et al., 4 D. & C. 188.

Section 5, Practice Act, 1915, requires that "every pleading shall contain, and contain only, a statement in a concise and summary form of the material facts on which the party pleading relies for his claim," and not merely the amount of it. Under the decisions of the courts construing this act in actions of *assumpsit*, general allegations, indefinite claims, lumping charges, inferences and conclusions of law are all excluded from the pleadings, and only specific allegations of material facts are properly admissible therein. But under the title and the amended section 1 of said act, its provisions are made applicable alike to all actions of trespass as well as those of *assumpsit*, except actions of libel and slander. The only exception to its full applicability to actions of trespass like this is found in section 13, where it is provided that certain averments of the plaintiff's statement need not be denied by an affidavit of defense, but will be treated as at issue without any answer thereto, unless they are expressly admitted. In an action of trespass for injuries to plaintiff's automobile, it was said that the plaintiff's statement must be a bill of particulars, and a statement filed in another trespass case, containing long schedules of the items of damages claimed, was held to be in proper form under section 5 of the said Practice Act: King et al. *v.* Brillhart, 271 Pa. 301, 305; Charnogursky *v.* Price-Pancoast Coal Co., 249 Pa. 1, 3; Hawes *v.* O'Reilly, 126 Pa. 440; Bittner *v.* City of York, 34 York Leg. Record, 173; Dietz *v.* American Agricultural Chemical Co., 29 Dist. R. 691; Williams *v.* Capute, 1 D. & C. 767.

From the decisions, and from the evident purpose of the Practice Act, 1915, to compel a full disclosure in the pleadings of all the material facts and details of the respective claims of both parties, there seems to be little room to doubt that in trespass as well as in *assumpsit* general claims and lumping charges are inadmissible. Therefore, all claims for damages which are susceptible of itemizing, or otherwise being set forth in detail, must be so presented in the pleadings in actions of trespass: Philadelphia Storage Battery Co. *v.* Air Reduction Sales Co. (Pa.), 274 Fed. Repr. 216; Hyde Park Gas Co. *v.,* People's Coal Co., *supra;* Kohr *v.* Fox Baking Co., 31 York Leg. Record, 161; Trevena *v.* Zimmerman, 30 Dist. R. 1072.

Several lower court cases were cited in the brief of the plaintiff, holding, as under the old practice prior to the Practice Act of 1915, that in trespass cases items and details need not be set out in the plaintiff's statement. But they fail to give effect to the provisions of section 5 of the said act, or to recognize the fact that, save for the specific exceptions set out in section 13 thereof, all its general provisions apply alike to actions of *assumpsit* and of trespass, except libel and slander. The provisions in section 13 of the Practice Act relieving the defendant from filing an affidavit denying certain allegations as to the damages claimed do not relieve the plaintiff from the duty of giving a detailed statement of the damages claimed under the provisions of section 5. The primary object of requiring specific information to be given to the defendant is not to enable him to file an affidavit of defense, but to make defense thereto at the trial, and he is, therefore, entitled to such information, though he may be relieved of the necessity of denying plaintiff's claim in the pleadings. In the case of Atherton *v.* Clearview Coal Co., 267 Pa. 425, wherein a suit in trespass was brought to recover for injuries to property alleged to have resulted from the negligent mining of coal, the plaintiff set out specifically in his statement the amount of damages claimed for each of the injuries enumerated in the statement and then claimed for the aggregate sum of all the damages; the Supreme Court held that the statement met every requirement of the Practice Act and that it was in proper form and was specific.

Referring to the statement in this case, in paragraph 9, the plaintiff avers that he suffered injury, in that his milling, sawyer business and ice harvest were entirely cut off. The extent and amount of the loss do not appear as to his milling business, his sawyer business or his ice business. The defendant is entitled to know what specific damage the plaintiff claims for loss in his milling or sawyer business, and what specific damage he claims for loss of his ice crop, and whether it is for one year or more than one. The same applies to paragraph 10, wherein he alleges that the act of the defendant had made his land unfit for farming and the water of the stream unfit for domestic purposes. This is indefinite, in that he does not state whether all or part of his farm and how much was rendered unfit for agricultural purposes, neither does he set out what he claims for this particular loss. Neither does it appear how much damage he claimed for the pollution of the waters of Dark Run. In reading paragraph 11, it is very difficult to determine just what the damages are which the plaintiff claims to have suffered. It reads as follows: "That also by reason of said refuse caused by said dump the lands of the plaintiff have been so depreciated in value and damaged that the plaintiff has been prevented from using said lands for the conduct of his lawful business and for the sale thereof, to the great damage to plaintiff." Does he claim for depreciation in the value of his farm and the damage caused thereto, or does he claim for damages because he has been unable to use the lands for

the conduct of his business of agriculture, milling, sawing and ice harvesting, and also for damages because he has been unable to sell the farm? If he is claiming for the loss of the use of his lands for the conduct of his lawful business, because they have so greatly depreciated in value and have been so damaged by the act of the defendant, then he ought specifically to set forth what damage he claims for the loss of this use, and, in that connection, it is well to remember that in the 9th paragraph he claims damages because his business was entirely cut off. And if he is claiming for injuries suffered by him through being unable to sell the land because of its great depreciation in value and damage through the defendant's act, then he ought to specifically set forth what his damage was for this injury and how it was made up. This applies, of course, to all the injuries which he claims he has suffered through the wrongful act of the defendant. The defendant has a right to know what it will be required to meet, and the stating in the concluding paragraph of his statement that he has sustained damage in the lump sum of $50,000, for which he brings suit, is not sufficiently specific and does not meet the requirements. His losses and injuries should be definitely and specifically averred, and the damages which he claims should be particularized for each injury wherever it is possible.

The rule to show cause why the plaintiff should not file a more specific statement is made absolute, and the plaintiff is allowed fifteen days from this date to file an amended statement of claim in compliance herewith.