## Clemo v. Dairymen's League Coöperative Association, Inc.

*Ira B. Rutherford,* for plaintiff.
*Lester Male* and *Walter Miller,* for defendant.

SWOYER, P. J., December 24, 1935.—This is an action brought by plaintiff to recover for milk alleged to have been delivered by him to defendant corporation under the terms of a contract existing between the parties; defendant sets forth in its affidavit of defense a counterclaim for liquidated damages for violation of contract under the terms thereof. Plaintiff has filed his motion for a more specific statement of counterclaim on the ground that it is insufficiently alleged and that it shows no relation to the actual damage, if any, sustained by defendant by reason of the alleged breach of contract, or, alternatively, to enter judgment as to said counterclaim against defendant. It is upon this motion and the rule granted thereon that this matter is before the court.

The portion of the contract pertinent to the aforesaid counterclaim is as follows:

"2. The Producer covenants and agrees to and with the Association that if he at any time refuses or neglects to deliver such milk or the manufactured product thereof produced or manufactured by him to the Association, or

upon its order, at such time and place as the Association may direct, then and in that event in every such case the Producer neglecting or refusing so to do will pay to the Association for such refusal or default, the sum of ten dollars ($10.00) per cow for 16 cows, and if such default or refusal shall continue for more than one month an additional sum of three dollars ($3.00) for each cow per month, for the same number of cows, so long as such default or refusal continues, none of which payments are to be construed to be a penalty or forfeiture, but as stipulated liquidated damages. . . . And it is hereby agreed that the Association will suffer by reason of such refusal or default."

Plaintiff contends that such a clause in the contract imposes a penalty rather than provides for liquidated damages, and that the mere setting forth in the counterclaim of a fixed amount based upon this clause of the contract and the number of months during which the alleged neglect or default continued is not sufficient to enable him to prepare a defense thereto, and cites a number of cases in support of his contention. Since the most that these cases hold, if taken in an interpretation most favorable to plaintiff, is (1) that the mere agreement that a certain fixed sum in a contract payable upon default therein is to be regarded as liquidated damages does not necessarily prevent such sum from being in fact a penalty, (2) that if the actual damage is readily ascertainable and such fixed sum is out of proportion thereto or not based thereon it is a penalty and not liquidated damages, and (3) that uncertainty as to the injuries which may ensue is the criterion by which to determine whether it is a case of liquidated damages or a penalty, and as we concede that all of these propositions are well-settled principles of law, it becomes unnecessary to distinguish each of the cases cited. They are, however, not pertinent in the instant case, for the reasons that the provision in the contract fixing a certain sum as liquidated damages is specifically in accordance with our act of assembly, hereinafter cited;

that the actual damages are obviously not readily ascertainable, and that this provision is contained in a contract between the producer of an agricultural commodity and a coöperative association composed of that producer and other producers of a similar commodity, in which case the courts have with great uniformity held that liquidated damages may contractually be provided for as between the parties.

The act of assembly from which we derive our jurisdiction and our authority provides, inter alia:

"The by-laws may require a member to sell all, or any part of their specifically enumerated agricultural products, and to buy all, or any part of their specifically enumerated supplies, exclusively through the association, but, in such case, shall specify a reasonable period in each year during which any member, by giving notice prescribed in the by-laws, may withdraw and be released from his obligation to employ the services of the association in respect to such products and supplies. The by-laws and contract may fix as liquidated damages, specific sums to be paid to the association to reimburse it for any damages which it or the members may sustain by the failure of any members to perform any obligation to the association under the articles of association, the by-laws, or any contract with the association, and such provision shall be valid and enforceable in the courts of this State": Act of June 12, 1919, P. L. 466, sec. 13, as amended by the Act of May 1, 1929, P. L. 1201.

Since the act provides that in contracts between agricultural associations or corporations and their members certain specific sums may be named as liquidated damages for any failure by said members to perform any obligation to the association, and we believe that to have been done in the instant case, it remains only for us to determine whether the alleged liquidated damages were sufficiently set forth in the counterclaim. We believe that they were so set forth; it was agreed in the contract that

the association would suffer (damages) by reason of the refusal or default of the producer in delivering milk or products manufactured by him therefrom, such damages were contemplated at the time of entering into the contract, and they were at that time liquidated by the parties themselves. In such case, the parties being put on notice by the contract and the amount of liquidated damages being ascertainable therefrom, it is unnecessary to set forth specific items of damage or even to allege that damage occurred: See Gibson v. Oliver, 158 Pa. 277; Kelso et al. v. Reid, 145 Pa. 606; Clark v. Steele, 255 Pa. 330; Sutton v. Reed et al., 80 Pa. Superior Ct. 158; Adams Express Co. v. Egbert, 36 Pa. 360; and Parsons Trading Co. v. Dohan et al., 312 Pa. 464.

### Order

For the reasons hereinbefore set forth, and in accordance with the foregoing opinion, plaintiff's motion for a more specific statement of counterclaim and his alternative motion for judgment for want of a sufficient statement of counterclaim are refused and the rule granted thereon discharged, costs to abide the issue.

From A. G. Rutherford, Honesdale.