Clpasaddel et ux. *v.* Estis, Appellant.

Argued March 12, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Irving R. Shull,* for appellant.

*Robert A. Detweiler,* for appellees.

PER CURIAM, March 19, 1947:

Appellees brought an action before a magistrate, under Act of March 31, 1905, P. L. 87, 68 PS § 366 et seq., for possession of certain premises of which appellant is tenant. After hearing, the magistrate entered judgment for appellees. Appellant appealed to the Municipal Court of Philadelphia County. Appellees moved to strike off the appeal on the ground that the lease which had been offered in evidence waived all right of appeal. The lease provided as follows: "The lessee waives all right of appeal from, or writ of error or certiorari to any judgment, order or decree that may be entered against him by any court or magistrate. . . ."

Appellant submitted no defense going to the merits of the case or raising a substantial or jurisdictional defect in the proceedings.

Appellant attended the hearing before the magistrate. He now complains, for the first time, of the record as to the service of notice to vacate. He does not assert that he was improperly served with such notice or that the term was not ended. Appellant's complaints, at most, relate to immaterial errors such as a slight variation in the name of one of the parties plaintiff. Such deviation appears in the body of the transcript. Some of the questions which appellant seeks to raise are with-

out any foundation in the record, and tend to create some of the confusion of which he complains. There was only one lease, and appellant's argument to the contrary is not supported in any manner by the record which he has submitted.

The waiver of appeal may be relied upon in the honest exercise of an undoubted right to repossess the demised premises, the term having expired, and no defense appearing. *Littlejohn et al. v. Rincoe,* 159 Pa. Superior Ct.. 588, 592, 49 A. 2d 533.

Appeal is dismissed, at the cost of appellant.