Kearse, Appellant, *v.* Spaulding.

Argued November 17, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Norman Shigon,* for appellant.

*James M. Marsh,* with him *LaBrum and Doak,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 2, 1962:

Appellant, who was injured on a common crosswalk located on the premises of his landlord, instituted an action in assumpsit against the landlord alleging in his complaint that the safety provisions of the Philadelphia Housing Code became part of the terms and conditions of the lease, and that appellee breached these terms and conditions giving rise to the action in assumpsit.

The lower court dismissed the complaint. Appellant appeals from this action of the lower court contending that the provisions of the Philadelphia Housing Code are incorporated in the landlord-lessee agreement as terms and conditions of the lease, giving rise to an action in assumpsit for breach of those provisions.

While municipal ordinances imposing duties and standards of care are often properly admitted in evidence in a trespass action, there is no Pennsylvania authority holding that the failure to comply with a housing code imposing statutory duties upon the landlord constitutes a breach of the terms and conditions of the lease.

Although not cited by appellant, the only state that recognizes the right to recover in assumpsit rather than in trespass for a breach of a lessor's statutory responsibility to the leased premises is Louisiana, as contained in its Civil Code, Art. 2695 (1870). See also Comments, 7 La. L. Rev. 406 (1947); Comments, 20 La. L. Rev. 76 (1959); Comments, 16 Tul. L. Rev. 448 (1960).

Traditionally, in those instances where Pennsylvania recognizes a right of action to recover damages for personal injuries resulting from a landlord's failure to repair, the remedy has been in trespass based upon the landlord's negligence. No reason has been advanced which would merit our departure from that rule; on the other hand, the loss of the defenses of contributory negligence and assumption of risk would place undue burdens on the lessor.

Judgment affirmed.

Mr. Justice MUSMANNO dissents.