## Northchester Corporation v. Soto

*Steven A. Cotlar*, for plaintiff.
*Stanton C. Kelton,* for defendants.

MONROE, J., August 11, 1972.—On July 23, 1971, District Justice of the Peace John V. Armstrong entered judgment in favor of plaintiff and against defendants, appellants herein, for possession of certain

real estate, including a dwelling house hereinafter referred to. On August 11, 1971, defendants filed in this court an appeal from said judgment, under the Minor Judiciary Court Appeals Act of December 2, 1968 (No. 355), 42 PS §3001, et seq.[1] And on the same day, on praecipe of defendants and in compliance with the provisions of the said act, the prothonotary entered a rule upon plaintiff to file a complaint within 20 days. On September 15, 1971, plaintiff filed its complaint. On October 6, 1971, defendants filed their answer and new matter. By this time, the rules governing appellate proceedings from judgments and other decisions of justices of the peace in civil matters were in effect. Rule 1007A thereof provides: "The proceedings on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the Court of Common Pleas." On April 17, 1972, plaintiff filed preliminary objections to defendant's new matter. On May 22, 1972, the matter came before the undersigned under Bucks County Rule 266.

The complaint, in pertinent part, alleges that plaintiff is the owner of premises known as 8 Tennent Street, Warminster, Bucks County, Pa.; that on August 20, 1967, plaintiff as lessor, and defendants as lessee, entered into a written lease of the aforesaid premises at a monthly rental of $69 and that as of September 1971 defendants were in default in payment of said rent in the amount of $474.90 and that defendants have remained in possession of the premises and have refused to relinquish possession to

---

[1] The above act was suspended as to civil proceedings by Rule 1081(27) of the Pennsylvania Rules of Conduct, Office Standards and Civil Procedures for Justices of the Peace, adopted June 1, 1971, effective October 1, 1971.

plaintiff; that by reason of the default in the payment of rent, the lease ended and determined and the right of possession is in the plaintiff; that the lease provides, in part, "Lessee expressly agrees that any judgment, order or decree entered against him by or in any court or magistrate by virtue of the powers of attorney contained in this lease, or otherwise, shall be final, and that he will not take an appeal, certiorari, writ of error, exception or objection to the same." The complaint additionally alleges that by reason of the above-quoted waiver, the appeal in this case is improper and should not be allowed. It demands recovery of possession of the premises and damages in the amount of $474.90 plus costs.

The answer admits plaintiff's ownership of the premises in question, the leasing thereof to defendants, the rent reserved, and that defendants are still in possession of the premises. The answer makes general denials of plaintiff's averments that defendants have defaulted in the payment of rent resulting in the termination of the lease and vesting a right of possession in plaintiff and for specificity in such answers incorporates the new matter. The answer also denies that the waiver clause recited in the complaint constitutes a valid waiver of defendants' right to take this appeal.

The new matter alleges that payment of rent was made in full to June of 1971, that prior to said date and to the present time the dwelling leased by defendants was dangerous to them and their family's health and safety in that the chimney pipe from the furnace is loose, exposing defendants to risk of fires and poisonous gas, the porch roof leaks, holes exist in the living room wall and the toilet leaks, that defendants have frequently requested plaintiff to make repairs to said items but plaintiff has failed to do so,

for which failure defendants have withheld their rents for the months of June, July, August and September 1971. The new matter further alleges that a warranty of habitability of the dwelling is implied from the landlord to the tenant in the aforesaid lease, which warranty plaintiff had broken by reason of its failure to make the repairs aforesaid, whereby defendants' duty to pay rent is abated during the period of plaintiff's breach and continues to abate and no rent therefor is now due or owing.

Plaintiff's preliminary objections are in the nature of a demurrer, the reasons assigned being that: (1) defendants have failed to state a valid defense in that no warranty of habitability may be implied in law; (2) defendants have no right to withhold rent; and (3) by the terms of the lease, defendants have no right to appeal their eviction.

A demurrer under rule 1017(b)(4) may be used to test the sufficiency of defendant's answer and new matter: Goodrich-Amram Procedural Rules Service, Comment to Pennsylvania R. C. P. 1017(b)(4) at sections 1017(b)(10) and (12); McCoy v. Home Insurance Co., 170 Pa. Superior Ct. 38, 40 (1951). A demurrer to the allegations of an answer and new matter admits allegations of fact well pleaded (Commonwealth ex rel. Alessandroni v. Borough of Tionesta, 87 Dauph. 204, 207 (1967)), but not conclusions of law; Hyam v. Upper Montgomery Joint Authority, 399 Pa. 446, 448-49 (1960). Plaintiff's demurrer, therefore, admits defendants' allegations that the only delinquency in payment by them to plaintiff of rents as of the date of filing of the answer and new matter were the rents due for the months of June, July, August and September of 1971, and the allegations that in the dwelling leased to defendants the chimney pipe from the furnace is loose, exposing defendants to the

risk of fire and poisonous gas, the porch roof leaks, holes exist in the living room wall, the toilet leaks, all of which conditions are dangerous to defendants and their family's health and safety; that defendants have requested plaintiff to repair the said items of damage which plaintiff has neglected to do and that because of plaintiff's failure therein, defendants have withheld their rents due for the months mentioned.

The demurrer does not admit the conclusions that there is an implied warranty of habitability of the dwelling on the premises leased running from the landlord-plaintiff to the tenant-defendants or that plaintiff's failure to repair the conditions cited constitutes a breach of such a warranty, nor does it admit the conclusion that defendants' duty to pay rent is abated by reason of the failure of plaintiff to repair the conditions complained of nor the conclusion that the waiver clause quoted in plaintiff's complaint is void and invalid.

Defendants have not questioned the manner in which plaintiff has raised the question of waiver of defendants' right of appeal from the judgment of the justice of the peace. We, therefore, pass directly to the question whether the clause contained in the lease and quoted in the complaint effectually estops defendants in the instant appeal. We are of the opinion that it does not. In Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364 (1921), the paragraphs in the lease in question containing the alleged waiver clauses were as follows: (11th) "And lessee hereby releases to lessor all errors and defects whatsoever in entering such action or judgment, or causing such writ of habere facias possessionem to be issued, or in any proceeding thereon or concerning the same; and hereby agrees that no writ of error or objection or exception shall be made or taken thereto . . ."

(12th) "The lessee waives all right of appeal from, or writ of error to, any judgment, order or decree that may be entered against it by any court or magistrate, for rent, damages, possession or otherwise . . ." The holding of the Supreme Court with respect to those clauses is accurately summarized in the syllabus as follows:

"10. A provision in a lease waiving right to appeal or writ of error to any judgment entered under the lease, and releasing all errors and defects in entering such judgment, if based on sufficient consideration, is valid and binding.

"11. But where, under such a provision, an effort is made to use the provision, in fraud of one of the party's rights, such waiver being at best in derogation of highly important rights, will receive a very strict construction.

"12. Such waiver and release is not a waiver of the right to have inquiry made into the power of the lessor to enter judgment at all. What it does is to release to the lessor all errors or defects in the judgment, or in causing the writ to be issued.

"13. It does not contemplate judicial errors in the proceeding, when the lessor's right to enter the judgment is inquired into."

See also Kros v. Bacall Textile Corp., 386 Pa. 360, 366-67 (1956); Grady v. Schiffer, 384 Pa. 302, 307 (1956); West Penn Sand & Gravel Co. v. Shippingport Sand Co., 367 Pa. 218, 221-22 (1951); Markeim-Chalmers-Ludington, Inc. v. Mead, 140 Pa. Superior Ct. 490, 495 (1940); Advance-Rumely Thresher Co., Inc. v. Frederick, 98 Pa. Superior Ct. 560, 562 (1930); Grakelow v. Kidder, 95 Pa. Superior Ct. 250 (1928); Cohen v. Brister, 160 Pa. Superior Ct. 454 (1947). All of the cases cited dealt with instruments containing warrants of attorney to confess judgment,

release of errors and waivers of right to appeal, judgments confessed by virtue of such warrants of attorney and attacks upon such judgments by motions to open, motions to strike and appeals; and in Schwartz v. Goldin, 160 Pa. Superior Ct. 625 (1947), the Superior Court stated that such waivers of right to appeal are effective to prevent trivial objections to a judgment entered by confession. We see no reason why the principles enunciated therein, i.e., that such releases of error and waiver of appeal are effective to prohibit attack upon procedural errors or defects in the entry of the confessed judgment or issuance of the writ, and to prevent trivial objections, but do not foreclose appellate review of the extent of the authority to have the confessed judgment entered in the first place, or of the deprivation of fundamental rights of a person executing such waiver or release of errors should not have equal application to a judgment entered by a justice of the peace or judicial errors at the justice of the peace level.

The decisions relied on by appellant-plaintiff do not support its position that defendants had effectively waived the instant appeal. In Clapsaddel v. Estis, 160 Pa. Superior Ct. 452 (1947), wherein an appeal had been taken from the judgment of a magistrate awarding possession of the premises involved to the landlord, who moved to strike off the appeal taken by the tenant on the ground that the right of appeal had been waived by a provision in the lease which stated, "The lessee waives all right of appeal from, or writ of error or certiorari to any judgment, order or decree that may be entered against him by any court or magistrate . . .", the Superior Court observed "Appellant (tenants) submitted no defense going to the merits of the case or raising a substantial or jurisdictional defect in the proceedings . . ."

and "Appellant's complaints at most, relate to immaterial errors such as a slight variation in the name of one of the parties plaintiff." The appeal of the tenant was dismissed, the court stating: "The waiver of appeal may be relied upon in the honest exercise of an undoubted right to repossess the demised premises, the term having expired, and *no defense appearing.*" (Italics supplied.)

It is implicit in the decision that had the appellant-tenants submitted a defense, the waiver would not have been honored. Also, in Polis v. Raphael, 160 Pa. Superior Ct. 544 (1947), cited by the landlord herein, the case originated with a judgment of possession entered in favor of the landlord against his tenant at the justice of the peace level followed by an appeal by the tenant and an attack thereon by the landlord by reason of a waiver clause in the lease, which clause was held to be effective by the Superior Court, stating: "There was no unconscionable use of the waiver nor perversion of it in plaintiff's effort to regain possession of the premises." The court stated that procedural errors or deficiencies were waived by defendant in the lease but that such irregularities as amount to a fundamental lack of authority to enter the judgment may be corrected on review.

The lease before us provides:

"If the lessee (a) does not pay in full when due any and all installments of rent . . . (2) this lease and the term hereby created shall determine and become absolutely void . . ."[2]

---

[2] The lease was not made a part of the pleadings in the case but was stipulated into the record. The lease stated that the demised premises is at 44 Grier Street, Warminster; it is stipulated that the premises is located at 8 Tennent Street, Warminster. The complaint states that the monthly rent is $69; it is stipulated that the rent is $53 per month, the amount stated in the lease.

The allegations of the new matter that there is an implied warranty by plaintiff-landlord that the dwelling house is habitable and that plaintiff-landlord's failure to repair the defective conditions recited abated the lessee's duty to pay rent raise questions of fundamental rights in the lessees and of the authority of the landlord to have judgment in his favor which justify a de novo determination in this court of the issues raised. We, therefore, hold that the waiver clause contained in the lease and recited in the complaint is not effective to prevent the within appeal.

The defense that there is an implied warranty of habitability of the premises is without support in Pennsylvania landlord and tenant law. Defendants' new matter does not state whether the alleged defective conditions of the premises existed at the time of the execution of the lease or entry of defendants into possession or arose after defendants had taken possession, but this deficiency in pleading is of no significance. "The general rule, applying to houses or apartments for rent, is that in the absence of an express agreement there is no implied warranty or representation arising out of the relation of landlord and tenant that the demised premises are fit for the purposes for which they are rented, and that they are tenantable or shall continue so": Spaulding v. Justice, 68 Pa. Superior Ct. 133, 136 (1917).

In the absence of any provision in the lease, a landlord is under no obligation to repair the leased premises, to see to it that they are fit for rental or to keep the premises in repair. A tenant takes the premises as he finds them and the landlord is not liable for existing defects of which the tenant knows or can ascertain by any reasonable inspection: Levine v. McClenathan, 246 Pa. 374, 376 (1914); Lopez v. Gukenback, 391 Pa.

359, 364-65 (1958); Kolojeski v. John Deisher, Inc., 429 Pa. 191, 194 (1968); DeRaczynski v. Mack, 25 Monroe 15 (1966), at pages 19 and 20, where the law is carefully discussed. And a tenant who remains in possession will not be excused from his obligation to pay the rent unless the express terms of the lease place upon the lessor the duty of making the repairs: Silverman v. Bullock, 165 Pa. Superior Ct. 216 (1949); Osso v. Rohanna, 187 Pa. Superior Ct. 280, 284 (1958); DeRaczynski v. Mack, supra. If there are latent defects existing at the time of letting which render the premises unhabitable which are known to the landlord and he fails to disclose them to the tenant prior to the letting, the same constitutes a fraud and on discovery of the defects the tenant has the election of rescinding and terminating the lease or of suing for such damages as he sustains (Highmont Music Corp. v. J. M. Hoffmann Co., 397 Pa. 345 (1959)), but he may not continue in possession and withhold payment of the rent: Spaulding v. Justice, supra; Marini v. Ireland, 56 N. J. 230, 265 A. 2d 526, 535 (1970).

Not only is there no implied covenant that the premises were habitable at the time of letting or would continue to be habitable, in this case, the lease specifically provides, inter alia: "The lessor has let the demised premises in their present condition and without any representations on the part of the lessor, its officers, employees, servant and/or agents. It is understood and agreed that lessor is under no duty to make repairs or alterations at the time of letting or at any time thereafter." And, "Lessee covenants and agrees that he will without demand . . . (b) keep the demised premises clean and free from all ashes, dirt and any other refuse matter; replace all glass windows, doors, etc. broken; keep all waste and drain pipes open; repair all damage to plumbing and to the premises; wear and tear and

damage by accidental fire or other casualty not occurring through negligence of the lessee or those employed by or acting for lessee alone excepted. The lessee has herein agreed to surrender the premises in the same condition in which lessee has herein agreed to keep same during the continuance of this lease." Defendants would have us completely ignore these provisions. We are not at all clear as to the legal basis which defendants advance as justification for us to do so. In their brief, defendants state:

"The Township of Warminster of which defendants' leasehold is a part has a housing code that sets forth minimum standards of habitability for dwellings in the township. It is submitted that such housing code should be incorporated into the lease under the well-established principle that laws in force when a contract is entered into become part of the obligation of the contract with the same effect as if expressly incorporated in its terms, DePaul v. Kauffman, 441 Pa. 386 (1971). Beaver County Building and Loan Assn. v. Winowich, 323 Pa. 483, 187 A. 291 (1936)."

Perhaps it is on the theory that provisions of the Warminster Township Housing Code are incorporated in the lease as a matter of law and that, consequently, there is an implied warranty running from the landlord to the tenant that the dwelling is habitable not only at the time of the execution of the lease but continuing throughout its term and that such warranty may not be waived by provisions in the lease, as the United States Circuit Court of Appeals for the District of Columbia in Javins v. First Natl. Realty Corp., 428 F. 2d 1071 (1970), held that the housing regulations of the District of Columbia imply a warranty of habitability, measured by the standards which they set up, into leases of all housing that they cover, and that the duties imposed by the housing regulations may not

be waived nor shifted by agreement if the regulations specifically put the duty of repair and maintenance upon the lessor, and as the Supreme Court of Pennsylvania in the case of DePaul v. Kauffman, supra, held that the provisions of the Pennsylvania Rent Withholding Act of January 24, 1966, P. L. (1965) 1534, as amended, 35 PS §1700-1, become part of a contract of lease entered into or renewed after the effective date of the act.[3] However, the Warminster Township Housing Code is not pleaded or stipulated into the record, and as Warminster Township is a township of the second class, of which fact we take judicial notice, we may not take judicial notice of its ordinances. Consequently, its housing code is not now before us and we may not speculate whether its provisions would assist the defendants.

In view of the foregoing, we are of the opinion that defendants' answer and new matter are insufficient in law and that plaintiff's preliminary objections in the nature of a demurrer should be sustained and judgment should be entered in favor of plaintiff for possession of the premises as well as for the unpaid rents for the months commencing with the month of June, 1971, to the present month, at $53 per month for the total sum of $795 with leave, however, to defendants to file an amended pleading on the merits setting forth a good cause of defense if they are able to do so within 20 days.

---

[3] By contrast in Kearse v. Spaulding, 406 Pa. 140 (1962), the Supreme Court held that, as to a dwelling situated in Philadelphia, failure of the landlord to comply with the Philadelphia Housing Code imposing statutory duties upon him did not constitute a breach of the terms and conditions of the lease, at least to the extent of giving the tenant a cause of action in assumpsit for injuries sustained on the premises.

## ORDER

And now, August 11, 1972, plaintiff's preliminary objections to defendants' answer and new matter are sustained. Leave is granted defendants to file an amended answer with new matter, if they so desire, within 20 days from the date hereof; and upon their failure to file such amended pleading within the time herein limited, the prothonotary is ordered and directed to enter judgment in favor of plaintiff and against defendants for possession of the premises named in the complaint, and judgment for plaintiff and against defendants in the sum of $795 and costs.